UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21320-CV-MORENO
MAGISTRATE JUDGE REID

AARON RHASHAUD IVY,

    Petitioner,

v.

MARK INCH,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE
RECOMMENDING TRANSFER OF VENUE OF
FEDERAL HABEAS PETITION - 28 U.S.C. § 2254**

### I. Introduction

Petitioner, **Aaron Rhashaud Ivy,** has filed this *pro se* federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his conviction and sentence for kidnapping and related offenses, entered following a jury verdict in **Hendry County Circuit Court, Case No. 10-CF-401(A).** For the reasons detailed below, this petition should be transferred to the United States District Court, for the Middle District of Florida.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636; S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-2; and the Rules Governing 2254 Cases in the United

-1-

States District Courts.

## II. Discussion

Petitioner is a convicted felon, currently confined at Desoto Correctional Institution located in Arcadia, Florida, which lies within the jurisdiction of the United States District Courts for the Middle District of Florida. [ECF No. 1 at 1]. Also, he is challenging his conviction entered in the Twentieth Judicial Circuit in and for Hendry County, Florida. [*Id.*]. His criminal conviction entered in Hendry County, is also located in the jurisdiction of the United States District Court for the Middle District of Florida.

Based upon the foregoing, the Court RECOMMENDS that this petition for writ of habeas corpus be transferred to the Middle District of Florida, as it is the appropriate venue. See 28 U.S.C. § 2241(d); see also 28 U.S.C. § 89.

Transfer, rather than dismissal, is preferred in order to advance "an expeditious and orderly adjudication of cases and controversies." 28 U.S.C. § 1406(a); *see generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 710 (1972)(observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum").

Transfer to the Middle District of Florida would be appropriate. The Petitioner and relevant criminal records are presumably located in the Middle District of

Florida and the Petitioner has simply filed the case in the wrong venue.

### III. Recommendations

Based upon the foregoing, it is recommended that this petition be TRANSFERRED to the United States District Court for the Middle District of Florida, and this case then CLOSED.

Objections to this report may be filed with the court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 7th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Aaron Rhashaud Ivy, *Pro Se*
     DC#W01913
     Desoto Annex
     Inmate Mail/Parcels
     13617 SE Highway 70
     Arcadia, FL 34266

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com